UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Sachin Rajesh
(A-Number: A-245-954-827),

Petitioner,

v.

Warden of the Golden State Annex Detention Facility; Current or Acting Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; Current or Acting Director, United States Immigration and Customs Enforcement; Current or Acting Secretary, United States Department of Homeland Security; and Current or Acting United States Attorney General,

Respondents.

No. 1:26-cv-05865-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Sachin Rajesh is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pursuant to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-

KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 7.

Respondents argue that petitioner is "subject to the mandatory immigration detention under 8 U.S.C. § 1225(b)," and that petitioner does not have due process rights "in any form other than the form provided by Congress." *See* Doc. 9 at 1. But the Ninth Circuit rejected respondents' statutory argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). This Court has rejected respondents' due process argument in its prior cases. Respondents do not distinguish those authorities or raise any argument that this Court has not previously considered.

Respondents also acknowledge that this "case is in the category of immigration habeas cases for which the Court has typically ordered immediate release" and do not request that the Court order an alternative remedy. *See* Doc. 9 at 1. They further "request to submit on this pleading alone without additional documentation or briefing and request that the Court rule on the Petition in its entirety." *Id.*

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Sachin Rajesh (A-Number: A-245-954-827) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 4, 2026

UNITED STATES DISTRICT JUDGE